```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HERMAN C. BAKER, ET AL.,           )   CIVIL DIVISION
                                   )
          PLAINTIFFS,              )   NO: CA02-4885
                                   )
     VS.                           )   ANSWER
                                   )
CONSOLIDATED RAIL CORPORATION,     )
AND NORFOLK SOUTHERN RAILWAY       )
COMPANY AND CSX TRANSPORTATION,    )
INC.,                              )
                                   )
          DEFENDANTS.              )   JURY TRIAL DEMANDED
```

### ANSWER TO PLAINTIFFS' COMPLAINT

AND NOW COME Defendants, Consolidated Rail Corporation, Norfolk Southern Railway Company and CSX Transportation, Inc., by and through their attorneys Burns, White & Hickton and states as follows:

### FIRST DEFENSE

1. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 1. Said averments are denied.

2. Admitted as to residence.

3. It is admitted that Defendant, Consolidated Rail Corporation, was a common carrier by rail between the periods of April 1, 1976, and June 1, 1999. Subsequent to June 1, 1999, Defendant, Consolidated Rail Corporation, did not conduct any railroad operations and did not conduct any business whatsoever, in any area other than the Detroit

metropolitan area and the Northern New Jersey and Southern New Jersey-Philadelphia areas.

    4. The allegations contained in Paragraph 4 of Plaintiff's Complaint are admitted in part and denied in part. It is specifically denied that Norfolk Southern Railway Company is a successor-in-interest to Consolidated Rail Corporation. It is specifically denied that Consolidated Rail Corporation has any predecessors-in-interest and/or successors-in-interest, whatsoever. It is admitted that Norfolk Southern Railway Company is a common carrier by rail in interstate commerce.

    5. The allegations contained in Paragraph 5 of Plaintiff's Complaint are admitted in part and denied in part. It is specifically denied that CSX Transportation, Inc., is a successor-in-interest to Consolidated Rail Corporation. It is specifically denied that Consolidated Rail Corporation has any predecessors-in-interest and/or successors-in-interest, whatsoever. It is admitted that CSX Transportation, Inc., is a common carrier by rail in interstate commerce.

    6. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in Paragraph 6. Said averments are denied.

    7. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of

the averments contained in Paragraph 7. Said averments are denied.

8. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments of Paragraph 8. Said averments are denied.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 9. Said averments are denied.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments contained in Paragraph 10. Said averments are denied.

11. The averments contained in Paragraph 11 through and including subparagraphs (a) - (h) are denied.

12. The averments contained in Paragraph 12 are denied.

13. The averments contained in Paragraph 13 are denied.

14. The averments contained in Paragraph 14 are denied.

WHEREFORE, Defendants, Consolidated Rail Corporation, CSX Transportation Inc., and Norfolk Southern Railway Company, demand judgment against the Plaintiffs.

## **SECOND DEFENSE**

15. Defendants, believe and therefore aver, that all of Plaintiffs' claims are barred by applicable statutes of limitation. Accordingly, Defendants hereby plead all applicable statutes of limitation as a complete bar to the entirety of each Plaintiff's claims.

### THIRD DEFENSE

16. So far as applicable, Defendants hereby plead any and all statutes of limitation created by the Regional Rail Reorganization Act, as amended, and believes and therefore avers that each Plaintiff's claims are barred by the specific statute of limitation as contained in and established by the Regional Rail Reorganization Act of 1973, as amended.

### FOURTH DEFENSE

17. Defendants plead all provisions of the Regional Rail Reorganization Act as a complete bar to the direct liability of these Defendants.

### FIFTH DEFENSE

18. While denying that any Plaintiff sustained the injuries and/or damages as alleged, if it would ultimately be proven that any Plaintiff did sustain the damages and/or injuries in the fashion alleged, Defendants believe and therefore aver that each Plaintiff's own contributory negligence may have and/or did contribute, in a substantial way, to the happening and/or occurrence of the alleged

injuries. And, accordingly, Defendants plead each Plaintiff's contributory negligence in diminution of any award any Plaintiff may ultimately receive.

## SIXTH DEFENSE

19. While denying that the Plaintiffs sustained the damages as alleged, Defendants believe and therefore aver that any damages any Plaintiff may ultimately be entitled to recover from these Defendants may or are possibly limited in scope by the provisions of the Federal Employers' Liability Act, and said recovery may be limited as to those damages specifically annunciated therein. Accordingly, in the event said act is applicable, all sections of Plaintiffs' Complaint seeking damages other than those provided for in the Federal Employers' Liability Act fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed. Alternatively, all said sections of Plaintiffs' Complaint should be stricken.

### **SEVENTH DEFENSE**

20. Consolidated Rail Corporation did not exist prior to April 1, 1976.

21. Accordingly, all sections of Plaintiffs' Complaint seeking recovery for incidents which occurred prior to April 1, 1976 fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed.

### **EIGHTH DEFENSE**

22. Plaintiffs' Complaint, as to these Defendants, fail to state a valid cause and/or causes of action upon which relief may be granted and should be dismissed.

### **NINTH DEFENSE**

23. Insofar as Plaintiffs' Complaint attempts to assert, explicitly and/or implicitly, that Defendant, Norfolk Southern Railway Company is a successor-in-interest to Consolidated Rail Corporation and/or any other entity or entities, all said averments are specifically denied in their entirety and it is affirmatively averred that Norfolk Southern Railway Company is an individual entity, and is not, in any way, a successor-in-interest to the liability of Consolidated Rail Corporation and/or any other entity.

**TENTH DEFENSE**

24. Venue of the instant action is improper in that each Plaintiff resides in and/or their alleged cause of action arose in a county and/or State other than the Eastern District of Pennsylvania, and hence, this cause of action should be dismissed.

**ELEVENTH DEFENSE**

25. Defendant hereby pleads the defense of release to all of each Plaintiff's claims alleged herein.

**TWELFTH DEFENSE**

26. This Court lacks jurisdiction of the person of Defendants, Consolidated Rail Corporation, CSX Transportation Inc., and Norfolk Southern Railway Company, pursuant to 45 U.S.C. §56, in that Plaintiff's cause of action did not arise in the within jurisdiction.

**THIRTEENTH DEFENSE**

27. Defendants would further show that each Plaintiff's alleged injuries and damages were caused, in whole or in part, by pre-existing conditions, or other contributory or concurrent conditions or factors, including events occurring prior or subsequent to the occurrence made the basis of each Plaintiff's claim against Defendants.

**FOURTEENTH DEFENSE**

28. Joinder of the five (5) Plaintiffs in the within action is improper and not permissible in that the within Plaintiffs have failed to assert any right to relief jointly, severally, or in the alternative, in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences, and/or that any question of law or fact is common to the within Plaintiffs.

WHEREFORE Defendants, Norfolk Southern Railway Company, CSX Transportation, Inc., and Consolidated Rail Corporation, specifically deny that they are liable to the Plaintiff in the sum or sums demanded, or in any sum whatsoever and demand judgment in their favor with costs to Plaintiff.

JURY TRIAL DEMANDED.          Respectfully submitted,

BURNS, WHITE & HICKTON

By_____
John B. Greenlee
Pa. ID#76579
Attorney for Defendants,
120 Fifth Avenue - Suite 2400
Pittsburgh, Pa.  15222-3001
(412) 394-2500

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of DECEMBER 2002, a copy of the within was served on all Counsel of record, via first class mail:

    Joseph Cappelli, Esquire
    Six Tower Bridge
    Ste. 550
    181 Washington Street
    Conshohocken, PA  19428


    By_____
      John B. Greenlee, Esquire
      Attorney for Defendants,
      Consolidated Rail Corporation
      Norfolk Southern Railway Company
      CSX Transportation Inc.